UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS                                              CRIMINAL ACTION

TAIWAN R. VENABLE                                   NUMBER 05-208-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 14, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS                                          CRIMINAL ACTION

TAIWAN R. VENABLE                               NUMBER 05-208-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed on behalf of Taiwan R. Venable pursuant to 28 U.S.C. § 2255.

Petitioner pled guilty to one count possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On June 21, 2007, the petitioner was sentenced to 51 months in the custody of the United States Bureau of Prisons. Petitioner did not appeal his conviction.

Petitioner's § 2255 motion was filed timely. No evidentiary hearing is required.

Petitioner raised a single ground for relief in his § 2255 motion: denial of effective assistance of counsel. Specifically, the petitioner argued that counsel failed to argue for a two-level downward departure for acceptance of responsibility under the United States Sentencing Guidelines and failed to present any mitigating factors in support of a downward departure. Additionally, the petitioner argued that counsel failed to object to the Presentence Investigation Report ("PSR") in a timely manner

1

and failed to preserve the issue for review. No aspect of the petitioner's ineffective assistance of counsel claim has merit.

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

Ineffective assistance of counsel is a violation of the Sixth Amendment. To obtain relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S.Ct. at 2068. To meet the prejudice prong, the defendant must affirmatively prove, and not merely allege, prejudice. *Bonvillain v. Blackburn,* 780 F.2d 1248, 1253 (5th Cir.

1986).

The same test applies when a petitioner alleges ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985). To satisfy the second prong of this test, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

Petitioner argued that counsel was ineffective when he (1) failed to argue for a two-level downward departure for acceptance of responsibility under the United States Sentencing Guidelines, (2) failed to present any mitigating factors in support of a downward departure, (3) failed to object to the PSR in a timely manner, and (4) failed to preserve the issue for review.

First, a review of the record showed that counsel for the defendant did object to the denial of a reduction for acceptance of responsibility in his Objections to the PSR and at the sentencing hearing. The objection was timely and sufficient to preserve the issue for appeal.

The mitigating factor urged by the petitioner is that the pistol found in the vehicle belonged to his girlfriend and she would have testified to that fact.[1]  Petitioner's statement in the

---

[1] Petitioner did not argue that the government had to prove he was the owner of the pistol to obtain a conviction.

3

PSR concerning his role in the offense included that the "pistol belonged to Michelle Murphy, but I knew that it was in the vehicle so it was in my possession." Assuming this information could be construed as a mitigating factor, it was already before the court as part of the PSR. Moreover, as argued by the government in its opposition memorandum, pressing this point would conflict with the petitioner's admission of guilt and would undermine his acceptance or responsibility argument.

Second, the petitioner did not allege, nor has he come forward with any evidence to establish, a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Petitioner's ineffective assistance of counsel claim is without merit.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, January 14, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE